UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, et al.,

                      Petitioners,

– against –

SHERRIFF ASSOCIATES, INC.

                      Respondent.

------------------------------------------------------------x

12 Civ. 00007 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/9/12

      On January 3, 2012, petitioners commenced this action to confirm an arbitration award against respondent Sherriff Associates, Inc. Sherriff Associates did not appear at the underlying arbitration and did not respond o the petition in this action. Petitioners now move for a default judgment confirming their arbitration award.

      Petitioners' arbitration award is confirmed.

## BACKGROUND

      Petitioners are trust funds organized to receive employee benefits. Petitioners and respondent are signatories to a collective bargaining agreement which requires that employee benefit payments be made by respondent to petitioners, and that any disputes between the parties concerning such payments be resolved by arbitration by a designated impartial arbitrator.

On April 2, 2011, petitioners demanded arbitration, alleging that respondent had failed to make mandatory benefit contributions. On May 10, 2011, a Notice of Hearing issued to advise respondent of the pending arbitration. On May 24, 2011, a hearing was held by arbitrator Robert Herzog to adjudicate the matter.  Respondent did not appear. Petitioners argued that respondent had violated the collective bargaining agreement by failing to make employee benefit payments.

After considering petitioners' evidence, the arbitrator issued a default award in the amount of $22,161.35.  This total was the sum of (1) $14,000.16 of amounts unpaid; (2) interest in the amount of $1,543.56; (3) $2,800.03 in liquidated damages; (4) $5.44 in late payment interest; (5) $12.16 in money due to a "promotional fund;" 6) $350.00 in court costs; (7) $1,450 for the cost of auditing respondent's books; (8) $1,500 in attorney's costs; and (9) $500 for the cost of the arbitration. Per the arbitration award, the $22,161.35 award is to accrue interest at an annual rate of 5.25%.

Petitioners now seek a confirmation of this arbitration award. Respondent has been served with process but has not appeared in this action.  On February 1, 2012, petitioners obtained a Clerk's Certificate of Default, and on the same day, they moved for a default judgment.

## DISCUSSION

Where a party fails to respond to a motion for a default judgment arising from a petition to confirm an arbitration award, the motion for

- 3 -

default judgment should be construed as an unopposed motion for summary judgment. <u>Herrenknecht Corp. v. Best Road Boring</u>, No. 06 Civ. 5106, 2007 U.S. Dist. LEXIS 28495, at *4 (S.D.N.Y. Apr. 16, 2007). The court should defer to the arbitrator's decision so long as there is a "barely colorable justification" for the award. See <u>Laundry, Dry Cleaning Workers & Allied Indus. Health Fund v. Stain Less, Inc.</u>, No. 07 Civ. 3202, 2008 U.S. Dist. LEXIS 22402, at *2 (E.D.N.Y. Mar. 18, 2008).

The arbitrator appears to have faithfully discharged his task in the underlying arbitration. There is nothing in the record that would cause the court to question the arbitration award. Thus the award is confirmed.

Judgment will be entered in the amount of $22,161.35, plus 5.25% interest from the date of the award to the date of entry of this judgment, and attorneys' fees and costs in the amount of $1,165.00.

Dated: New York, New York
       March 9, 2012

_____
Thomas P. Griesa
U.S. District Judge